IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID FAUSS, an individual,            )
                                        )
    Plaintiff,                          ) CASE NO. _____
v.                                      )
                                        )
FISHER RUSHMER, P.A., a Florida corporation, )
                                        )
    Defendant.                          )
_____ )
                                        )

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND INJUNCTIVE RELIEF

Plaintiff, DAVID FAUSS, by and through his undersigned counsel, files this Complaint for Copyright Infringement and Injunctive Relief against Defendant, and alleges:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under copyright laws of the United States (17 U.S.C. § 101, *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101, *et seq.*; 28 U.S.C. § 1331 and § 1338(a).

3. Subject matter jurisdiction also exists pursuant to 28 U.S.C. § 1331 and § 1338(a) in that said claims arise under the copyright laws of the United States, Title 17 of the United States Code.

4. This Court has personal jurisdiction over Defendant, and venue is proper in this judicial district of Florida pursuant to 28 U.S.C. § 1391(b) because Defendant is doing business in this district, Defendant offers its services in this district, the injury therefrom is being suffered in this district, and a substantial part of the events which comprise in this action occurred in this district. Said actions by Defendant constitute a purposeful availment as its conducted activities

1

have been purposefully directed toward the forum and its residents, and such that Defendant should reasonably anticipate being hailed into this judicial district.

## PARTIES

5.  Plaintiff, DAVID FAUSS, (hereinafter referred to as "FAUSS") is an individual residing in Broward County, Florida.

6.  Plaintiff is a photographer and provides litigation support services to attorneys and law firms. Plaintiff's photography work includes the inclusion of his copyrighted images in Calendars depicting courthouses of Florida annually distributed to Florida attorneys.

7.  Defendant, FISHER RUSHMER, P.A., (hereinafter referred to as "FRPA") is a Florida corporation with its principal place of business at 390 N. Orange Avenue, Suite 2200, Orlando, Florida 32801.

8.  Defendant is a law firm in the business of practicing law, and promoting and providing legal services to its clients.

## GENERAL ALLEGATIONS

9.  Plaintiff is the author and copyright claimant of various works subject of United States Copyright Registrations Numbers VA0001430254, VA0001430255, VA0001430256, VA0001430279, VA0001430281, VA0001430282, VA0001430283, VA0001430284, VA0001430285, VAu001154407, VAu001154409, VAu001154410, VAu001154798, VAu 1-155-839, VAu001155857, VAu001157594 and VAu001158665 (hereinafter referred to as "Copyright Registrations"). *See,* Copyright Registrations attached as ***Composite Exhibit "A"*** hereto.[1]

---

[1] Plaintiff is also the author and copyright claimant of various other works subject of United States Copyright Registrations including VA0001750036, VA001750052, VA0001409177,

2

10. Without Plaintiff's permission or authorization, Defendant copied, altered, distributed, and displayed Plaintiff's pictorial works subject of his Copyright Registrations (hereinafter referred to as "Works"), as part of Defendant's marketing, advertising, and branding of its services (hereinafter referred to as "Infringing Use"). *See,* examples of Defendant's Infringing Use attached as ***Composite Exhibit "B"*** hereto.

11. Defendant willfully infringed Plaintiff's Works, including a number of Plaintiff's images which are subject of Copyright Registrations Nos. VAu1-154-407 and VA1-430-254 (included in ***Composite Exhibit "A"***). Copies of Plaintiff's Works infringed by Defendant are attached hereto as ***Composite Exhibit "C"***.

12. Upon information and belief, in addition to the examples of Infringing Use, Defendant infringed additional Works of the Plaintiff subject of the Copyright Registrations.

13. On or about December 19, 2014 Plaintiff demanded that Defendant cease and desist all use of Plaintiff's Works and acknowledge the same in writing.

14. Notwithstanding Plaintiff's unequivocal demand to cease and desist all use of Plaintiff's Works, Defendant failed to comply therewith.

15. Defendant has direct knowledge that the Works are protected by the copyright laws of the United States, protecting the Infringing Use as Plaintiff's Works contained the copyright notification in various locations. See, copies of Plaintiff's calendars for the years 2003 and 2010 attached hereto as ***Composite Exhibit "D,"*** which, upon information and belief, is the source of Defendant's Infringing Use.

---

VA0001346684 and VA0001799138 but presently does not have possession of copies of their certificates.

3

16. The Infringing Use is identical, strikingly similar, or at least substantially similar to Plaintiff's Works.

17. As a direct and proximate result of the Defendant's acts complained of herein, Plaintiff has suffered great and irreparable harm and damage, which escalates each day Defendant's infringement, is permitted to continue.

18. All prerequisites to filing suit have been satisfied, have occurred or have been waived.

19. Plaintiff has no adequate remedy at law to prevent future infringements by the Defendant.

20. The balance of the equities favors injunctive relief to prevent continued acts of infringement by Defendant.

21. As a direct and proximate result of the Defendant's acts complained of herein, Plaintiff has been forced to retain the undersigned firm, and has agreed to pay it a reasonable fee for its services.

22. Plaintiff is the copyright owner of all exclusive rights under United States copyright law with respect to the Works, which are the subject of valid copyrights, for which valid Certificates of Copyright Registration were issued by the Register of Copyrights.

23. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, create derivative works therefrom, display, and distribute the copyrighted material to the public.

24. Defendant had access to the Works.

25. Defendant, without Plaintiff's permission or consent, copied, reproduced, distributed, and displayed Plaintiff's copyrighted Works to the public, and created derivative

works thereof without Plaintiff's authorization in violation of 17 U.S.C. § 501. In addition to the use of Plaintiff's images Defendants also used the word descriptions in Plaintiff's calendars, cutting and pasting them into their office marketing slideshow. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction, creation of derivative works, and distribution. Defendant's actions constitute infringement of Plaintiff's copyrights and his exclusive rights therein.

26. Upon information and belief, the foregoing acts of infringement have been willful and intentional in disregard of and with indifference to Plaintiff's rights.

27. As a result of Defendant's copyright infringements, Plaintiff has suffered damages in an amount not yet determined.

28. The harm caused to Plaintiff has been irreparable.

29. Upon information and belief, Defendant infringed and is continuing to infringe Plaintiff's' copyrights without the consent of Plaintiff and in complete disregard of Plaintiff's exclusive rights.

30. As a result of Defendant's willful infringement of Plaintiff's copyrights and exclusive rights under said copyright, Plaintiff is entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) or disgorgement of profits at Plaintiff's election, and such other relief as is provided by law. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

      a.      Entry of a judgment that Defendant has infringed Plaintiff's copyrights and that Plaintiff is to be awarded damages and profits as provided by 17 U.S.C. § 504(b), or in the alternative, awarding statutory damages as provided by 17 U.S.C. § 504(c);

      b.      Entry of an Order granting Plaintiff the right to conduct a full accounting of books and records of Defendant;

      c.      An award of any and all damages suffered by Plaintiff resulting from Defendant's wrongful conduct, including, without limitation, compensatory, incidental, and consequential damages;

      d.      Entry of a judgment commanding Defendant to pay costs associated with bringing forth this cause of action, including costs, expenses and attorneys' fees for the willful infringement of Plaintiff's copyrights;

      e.      Entry of a preliminary injunction effective during the pendency of this action, and an order and judgment of this Court, effective permanently thereafter, restraining and enjoining Defendant and its officers, agents, employees, licensees, affiliated and related business entities and anyone acting in concert therewith from infringing the Plaintiff's copyright in any manner, including but not limited to, manufacturing, creating, producing, recording, advertising, copying, displaying, marketing, licensing, performing, reproducing, selling, offering for sale, and/or distributing any item(s) which contains unauthorized portions of the Plaintiff's copyrights;

      f.      Additional relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 28th day of January, 2015.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for the Plaintiff*
15 Northeast 13th Avenue
Fort Lauderdale, Florida 33301
Tel: (954) 523-6160
Fax: (954) 532-6190

By: <u>s/John F. Bradley/</u>
John F. Bradley, Esq.
Florida Bar No. 0779910
Email: jb@bradlegal.com

| Composite Exhibit "A" | Plaintiff's Copyright Registrations Nos. VA0001430254, VA0001430255, VA0001430256, VA0001430279, VA0001430281, VA0001430282, VA0001430283, VA0001430284, VA0001430285, VAu001154407, VAu001154409, VAu001154410, VAu001154798, VAu 1-155-839, VAu001155857, VAu001157594 and VAu001158665 |
|---|---|
| Composite Exhibit "B" | Examples of Defendant's Infringing Use. |
| Composite Exhibit "C" | Plaintiff's Works subject of Infringing Use and Copyright Registrations Nos. VAu1-154-407 and VA1-430-254. |
| Exhibit "D" | Plaintiff's calendar. |

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160